1   DAVID C. CAPELL  (SBN:  114691)
    dcapell@grsm.com
2   QUYEN THI LE  (SBN:  271692)
    qle@grsm.com
3   GORDON REES SCULLY MANSUKHANI, LLP
    275 Battery Street, Suite 2000
4   San Francisco, CA 94111
    Telephone:  (415) 986-5900
5   Facsimile:  (415) 986-8054

6   Attorneys for Plaintiff
    AMERICAN ALTERNATIVE INSURANCE CORPORATION
7

8                   UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  AMERICAN ALTERNATIVE                    CASE NO. 4:19-cv-04628-KAW
    INSURANCE CORPORATION, a Delaware
12  Corporation,                            **PLAINTIFF AMERICAN
                                            ALTERNATIVE INSURANCE
13                        Plaintiff,        CORPORATION'S NOTICE OF
                                            MOTION AND MOTION FOR
14        vs.                               SUMMARY JUDGMENT;
                                            MEMORANDUM OF POINTS AND
15  JOHN G. WARNER, an individual; and      AUTHORITIES IN SUPPORT THEREOF**
    LAW OFFICES OF JOHN G. WARNER, a
16  business entity of unknown form,        **Concurrently filed with:**
                                            Declaration of Quyen Thi Le; Declaration of
17                        Defendants.       Alex Cayer; Declaration of Derek Hall;
                                            Declaration of Thomas Fitzgerald; Request
18                                          for Judicial Notice; Index of Exhibits; and
                                            [Proposed] Order
19
                                            **Hearing:**
20
                                            Date:        September 3, 2020
21                                          Time:        1:30pm
                                            Courtroom:   TBD
22                                          Judge:       Hon. Kandis A. Westmore
23                                          Complaint Filed:  August 9, 2019
                                            Trial Date: February 22, 2021
24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff American Alternative Insurance Corporation ("AAIC") hereby moves, pursuant to Federal Rules of Civil Procedure, Rule 56, for summary judgment for an order that the Lawyers Professional Liability Insurance Policy No. 3LA2PL0000687-02 issued by AAIC to Defendants John G. Warner and Law Offices of John G. Warner (collectively "Warner"), effective for the policy period May 8, 2017 to May 8, 2018 ("Policy") is rescinded and void *ab initio* and provides no coverage for any person or entity, and that AAIC recover from Defendants all amounts paid pursuant to the Policy.  AAIC seeks an order of rescission because Warner made a false representation in his application for the Policy, which AAIC relied on to charge a lower premium than it would have if Warner had told the truth.

Pursuant to the Court's Scheduling Notes and General Order 72-5, through September 30, 2020, all civil matters may be decided on the papers.  Should the Court determine that a hearing is necessary on AAIC's Motion for Summary Judgment ("Motion"), notice is hereby provided that the hearing for AAIC's Motion will take place on September 3, 2020 at 1:30pm, or as soon thereafter as the matter may be heard in Oakland Courthouse of the United States Courthouse, 1301 Clay Street, Oakland, CA 94612.  The hearing, if any, will be by Zoom videoconference.

AAIC brings this Motion on the grounds that AAIC is entitled to rescind the AAIC Policy because Warner made misrepresentations in his April 3, 2017 renewal application and April 13, 2017 warranty letter submitted to AAIC for the at-issue Policy.  In responding to question 8.b. of the application regarding claim history, Warner denied that he had knowledge of any legal work or incidents that might be expected to lead to a claim or suit.  In fact, just two months prior to submitting the application, Warner knew a court had dismissed a complaint which he filed for failure to timely file the claims within the applicable statute of limitations.  If Warner had properly disclosed the February 7, 2017 adverse ruling in his application, AAIC would have issued the Policy at a higher premium.

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

For these reasons, judgment should be entered in favor of AAIC and the AAIC Policy be rescinded and void *ab initio*, and AAIC should be awarded, subject to proof, the amounts AAIC paid pursuant to the Policy, offset by the amount Warner paid as the premium for the Policy.

This Motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure, and Local Rules 7-1, 7-2 and 56-1, and is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declarations of Quyen Thi Le, Alex Cayer, Derek Hall, and Thomas Fitzgerald, Request for Judicial Notice, Index of Exhibits, the files and records in this lawsuit, and upon such other matters as may be presented to the Court prior to and at the time of the hearing.

Dated:  July 30, 2020

GORDON REES SCULLY MANSUKHANI, LLP


By:     */s/ Quyen Thi Le*
David C. Capell
Quyen Thi Le
Attorneys for Plaintiff AMERICAN
ALTERNATIVE INSURANCE CORPORATION

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1

**TABLE OF CONTENTS**

2

Page

3    I.      INTRODUCTION ............................................................................................1

4    II.     STATEMENT OF ISSUES ............................................................................2

5    III.    PROCEDURAL HISTORY............................................................................2

6    IV.     THE UNDISPUTED FACTS ........................................................................4

7            A.      The Undisclosed Circumstances Giving Rise to the Underlying
                    Malpractice Claim Against Warner ...................................................4

8

9            B.      The Application for the Policy...........................................................5

10           C.      The Policy ..........................................................................................7

11           D.      Warner's Tender of the Underlying *Morgan v. Warner* Action and AAIC's
                    Reservation of Rights.........................................................................8

12

13           E.      Warner's Misrepresentations and Breaches of Warranty Entitling AAIC to
                    Rescind the Policy............................................................................10

14           F.      AAIC's Declarative Relief Action ..................................................12

15   V.      LEGAL ARGUMENT .................................................................................13

16           A.      Standard for Summary Judgment.....................................................13

17           B.      Standard for Rescission....................................................................14

18           C.      AAIC is Entitled to Rescind the Policy ...........................................16

19           D.      AAIC is Entitled to Reimbursement of the Amounts Paid to Defend
                    Warner in the *Morgan* Action ........................................................22

20   VI.     CONCLUSION............................................................................................24

21

22

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1

## <u>TABLE OF AUTHORITIES</u>

2

Page(s)

3

**Cases**

4

*Amado v. Microsoft Corp.,*
  517 F.3d 1353 (Fed. Cir. 2008) .................................................................... 26

5

6

*Atmel Corp. v. St. Paul Fire & Marine,*
  416 F.Supp.2d 802 (N.D. Cal. 2006) ..................................................... 18, 25

7

*Barrera v. State Farm Mut. Auto Ins. Co.,*
  71 Cal.2d 659 (1969) ............................................................................. 15, 24

8

9

*Beal Bank, SSP v. Arter & Hadden, LLP,*
  42 Cal.4th 503 (2007) .................................................................................. 23

10

*Carolina Casualty Ins. Co. v. RDD, Inc.,*
  685 F. Supp.2d 1052 (N.D. Cal. 2010) ........................................... 17, 20, 21

11

12

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986) ............................................................................... 13, 14

13

*Imperial Cas. & Indem. Co. v. Sogomonian,*
  198 Cal.App.3d 169 (1981) ........................................................ 15, 16, 17, 25

14

15

*LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.,*
  156 Cal.App.4th 1259 (2007) ...................................................... 16, 17, 25

16

*Mitsushita Elec. Indus. Co. v. Zenith Radio,*
  475 U.S. 574 (1986) ...................................................................................... 14

17

18

*Old Line Life Ins. Co. v. Superior Court,*
  229 Cal.App.3d 1600 (1991) ........................................................................ 24

19

*Philadelphia Indem. Ins. Co. v. Montes-Harris,*
  40 Cal.4th 151 (2006) ................................................................................... 16

20

21

*Phoenix Ins. Co. v. Sukut Const. Co.,*
  136 Cal.App.3d 673 (1982) .................................................................... 19, 21

22

*Robinson v.  Occidental Life Ins. Co.,*
  131 Cal.App.2d 581 (1955) .......................................................................... 15

23

24

*Taylor v. Sentry Life Ins. Co.,*
  729 F.2d 652 (9th Cir. 1984) ........................................................................ 17

25

*Thompson v. Occidental Life Ins. Co.,*
  9 Cal.3d 904 (1973) ...................................................................................... 17

26

27

*U.S. Specialty Ins. Co. v. Bridge Capital Corp.,*
  482 F.Supp.2d 1164 (C.D. Cal. 2007) .................................................... 14, 17

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-ii-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

*West Coast Life Ins. Co. v. Ward*,
   132 Cal.App.4th 181 (2005) .................................................................. 17

*Wilson v. Western National Life Ins. Co.*,
   235 Cal.App.3d 981 (1991) .................................................................. 14

*Zands v. Nelson*,
   797 F.Supp. 805 (S.D. Cal. 1992).......................................................... 14

**Statutes**

California Civil Code
   Section 1689 ......................................................................................... 16

California Civil Code
   Section 1691 ......................................................................................... 25

California Civil Code
   Section 3289 ......................................................................................... 26

California Code of Civil Procedure
   Section 340.6 .......................................................................................... 5

California Insurance Code
   Section 330 ........................................................................................... 15

California Insurance Code
   Section 331 ..................................................................................... 15, 16

California Insurance Code
   Section 332 ........................................................................................... 15

California Insurance Code
   Section 334 ........................................................................................... 16

California Insurance Code
   Section 359 ........................................................................................... 17

**Rules**

California Rules of Professional Conduct
   Rule 1.4 ................................................................................................. 22

California Rules of Professional Conduct
   Rule 3-500........................................................................................ 21, 22

Federal Rules of Civil Procedure
   Rule 56 ............................................................................................ 13, 14

Local Rule
   Rule 7-4 .................................................................................................. 2

-iii-

1

**Other Authorities**

State Bar of California Standing Committee on Professional Responsibility and Conduct
   Formal Opinion Interim No. 12-0005 .......................................................................... 22

State Bar of California Standing Committee on Professional Responsibility and Conduct
   Formal Opinion Interim No. 2019-197 ....................................................................... 22

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-iv-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Plaintiff American Alternative Insurance Corporation ("AAIC") seeks summary judgment on its claims to rescind Lawyers Professional Liability Insurance Policy No. 3LA2PL0000687-02 ("Policy") issued to Defendants John G. Warner and Law Offices of John G. Warner (collectively "Warner").  Warner made misrepresentations in applying for the Policy. On April 3, 2017, Warner submitted an application to AAIC which read in part as follows:

> 8.   After inquiry, are any attorneys in your firm aware:
>   If you answer either question "Yes," please complete the "Supplemental Claim Form".
>
>   a. of any professional liability, claims made claims made against them in the past five years? ........ ☐ Yes  ☒ No
>   b. of any legal work or incidents that might be expected to lead to a claim or suit against them? ......... ☐ Yes  ☐ No
>         * If Yes, indicate total number of claims. _____

By signing the application, Warner represented that he had no knowledge of any claim, potential claim, disciplinary matter or circumstances that may give rise to a claim.  Warner then submitted a letter dated April 12, 2017 which stated "[he was] not aware of any claims, potential claims, disciplinary matters, investigations or circumstances that may give rise to a claim," and that "the information given on the application is unchanged since it was completed on April 3, 2017."  AAIC relied on Warner's representations to issue the Policy.

Warner's representations were false.  When Warner filled out the renewal application, he knew a court had ruled in February 2017 – just two months prior to submitting his application – dismissing a suit he prosecuted on ground that it was not filed within the statute of limitations. Despite this ruling entered against his client based on a blown statute of limitations, Warner answered "No" to Question 8.b.  This violated his duty of disclosure of facts on which AAIC relied to issue the Policy.

AAIC is entitled to rescind the Policy because it relied on Warner's misrepresentations in the application.  The underwriter for the Policy states here under penalty of perjury and without dispute that if AAIC had known the facts, i.e., that the suit Warner brought had been dismissed because of a blown statute of limitations, then AAIC would have charged a higher premium for the Policy.  For this reason, summary judgment should be entered on this Motion.

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-1-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

AAIC also seeks entry of final judgment because an order of rescission resolves all causes of action in its favor.  In addition, AAIC seeks an order to recover the amounts it has paid under the Policy *less* the premium paid by Warner for the Policy.  AAIC has paid the cost of defending *Morgan, et al. v. Warner, et al.*, Marin County Superior Court, Case No. CIV1800402 ("*Morgan* Action").  The net amount due to AAIC as of September 3, 2020 will be $68,145.25. Further, because the *Morgan* Action is still pending and AAIC continues to provide a defense to Warner of the *Morgan* Action, AAIC requests that an order entitling it to recover any additional payments made from April 16, 2020 through the date final judgment is entered in this case, subject to a post-judgment prove up briefing before the Court.

**II.    STATEMENT OF ISSUES**

Pursuant to Local Rule 7-4(a)(3), AAIC presents the following statement of the issue to be decided in this motion:

Whether Warner's response to question 8.b. in his April 3, 2017 application and representations made in his April 12, 2017 warranty letter that denied any knowledge of any legal work or incidents that might be expected to lead to claim entitle AAIC to rescind the Policy when Warner was aware of the fact that a court on February 7, 2017 dismissed a complaint he filed for failure to file within the statute of limitations and AAIC would have charged a higher premium if Warner had revealed the February 7, 2017 court order.

**III.    PROCEDURAL HISTORY**

AAIC brings this Motion within the context of what has already taken place in this case. Specifically, AAIC notes the Court's ruling denying Warner's motion to dismiss the original complaint, and certain of Warner's admissions in his answer to the complaint.

On October 7, 2019, Warner moved to dismiss AAIC's complaint.

On December 3, 2019, the Court denied Warner's motion to dismiss.  The Court disagreed with each of Warner's arguments for dismissal, holding that: whether the Morgan Clients (Daniel Morgan, Mark Cunningham and MCCE Development, LLC.) made a claim is not relevant to AAIC's claim for rescission, which is based on the application question asking if

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Warner knew of "legal work or incidents that *might be expected to lead* to a claim or suit" (Dkt.

2  39, Order Denying Warner's Motion to Dismiss, at p. 5:12-20); "the use of the term 'might' in

3  the Insurance Application and Policy is not ambiguous or unenforceable" (Dkt. 39, at p. 7:10-

4  11); and "once the Policy is rescinded, Plaintiff would have no duty to defend *any* claim,

5  regardless of whether it might have been covered under the Policy" (Dkt. 39, at p. 7:22-24).

6  Warner admits the following allegations in answering the complaint after denial of his

7  motion to dismiss:

8  • Warner prepared and executed the April 3, 2017 Application and April 12, 2017 letter

9  (Dkt. 56, ¶¶ 14-20; Dkt. 57 at p. 2:1-3);

10  • Warner represented the Morgan Clients throughout the entirety of the action entitled

11  *George Morf v. Phillips, Down & Simontacchi LLP, et al.*, Marin County Superior

12  Court, Case No. CIV 1303506 ("*Morf* Action"), which was approximately from

13  August 22, 2013 through the appeal of the jury verdict that was returned on June 8,

14  2015 (Dkt. 56 ¶ 27; Dkt. 57 at p. 2:1-3);

15  • Warner sent a letter dated April 25, 2016 to the Morgan Clients which provided

16  advice about damages they may be able to recover from the Phillips Firm for the

17  undisclosed conflict of interest that arose from the firm's joint representation, and

18  Warner further "advised the Morgan Clients that the statute of limitations on their

19  claims against the Phillips Firm had already expired unless a tolling exception

20  applied" (Dkt. 56, ¶ 28; Dkt. 57 at p. 2:1-3);

21  • Warner filed the complaint entitled *Daniel Morgan v. Phillips, Downs &*

22  *Simontacchi, LLP, et al.*, Marin County Superior Court, Case No. CIV 1601996

23  ("*Phillips* Action") on behalf of the Morgan Clients and the court dismissed the

24  *Phillips* Action for failure to timely file (Dkt. 56, ¶¶ 29-30; Dkt. 57 at p. 2:1-3);

25  • "Prior to signing the April 3, 2017 Insurance Application, WARNER knew that the

26  court had ruled the statute of limitations had expired regarding the claims he

27  prosecuted in the *Phillips* Action on behalf of the Morgan Clients.  WARNER also

28

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

knew that the court in the *Phillips* Action had determined the tolling provisions did not apply, concluded the statute of limitations had expired, ordered the *Philips* Action dismissed, and entered judgment in that case. These facts were not provided in the Insurance Application." (Dkt. 56, ¶ 35; Dkt. 57 at p. 2:1-3.)

- "These facts [the dismissal of the *Phillips* Action] were not provided in the April 3, 2017 Insurance Application, WARNER's April 12, 2017 letter declaration, or at any other time prior to May 8, 2017 when AAIC issued the Policy." (Dkt. 56, ¶¶ 47, 58; Dkt. 57 at p. 2:1-3.)

- "Warner made warranties in the Insurance Application, his April 12, 2017 letter and the AAIC Policy including a warranty that he was not aware "of any legal work or incidents that might be expected to lead to a claim or suit against them" and he "further warranted that the statements and representations made in the Insurance Application and his April 12, 2017 letter declaration are true." (Dkt. 56, ¶¶ 55-56; Dkt. 57 at p. 2:1-3.)

(Dkt. 56; Dkt. 57.) Warner did not assert any affirmative defenses in his answer.

## IV.   THE UNDISPUTED FACTS

### A.   The Undisclosed Circumstances Giving Rise to the Underlying Malpractice Claim Against Warner

On June 6, 2016, Warner on behalf of the Morgan Clients, filed a complaint for legal malpractice and related claims against the Phillips Firm in the *Phillips* Action. (Request for Judicial Notice ("RJN") ¶ 1, Index Exh. 1 at AAIC000239-247 (*Phillips* Complaint).) From approximately January 2005 through February 2013, the Phillips Firm jointly represented the Morgan Clients and George Morf in litigation involving the City of Novato, during which time the Phillips Firm did not advise the Morgan Clients or Mr. Morf that there was a conflict of interest due to the joint representation, nor did the Phillips Firm seek a waiver of the conflict of interest from either client. These events and the alleged injury arising from the undisclosed conflict of interest occurred years prior to filing of the *Phillips* Action, and prior to the June 8,

1   2015 jury verdict that was rendered in the *Morf* Action.  Warner represented the Morgan Clients

2   in the *Morf* Action from 2013 through the appeal of the jury verdict that was returned on June 8,

3   2015 (Dkt. 56 ¶ 27; Dkt. 57 at p. 2:1-3; Index Exh. 1 at AAIC000229 (*Morgan* Complaint ¶ 13).

4       In the *Phillips* Action, the Morgan Clients alleged that they first discovered the Phillips

5   Firm's professional negligence and breach of fiduciary duty when the jury verdict was rendered

6   in the *Morf* Action on June 8, 2015.  (Index Exh. 1 at AAIC000243 (*Phillips* Complaint at ¶ 17).)

7       On February 7, 2017, the court granted the demurrer of the Phillips Firm to the Morgan

8   Clients' complaint in the *Phillips* Action.  (RJN ¶ 2, Index Exh. 1 at AAIC000249-254.)  In the

9   court's February 7, 2017 order, the court held that the *Phillips* Action was dismissed with

10  prejudice for failure to timely file "within one year after suffering 'actual injury' and after [the

11  Morgan Clients] discovered or reasonably should have discovered the facts constituting 'the

12  wrongful act or omission' supporting their claims of negligence and breach of fiduciary duty

13  against [the Phillips Firm] defendants. (Code Civ. Proc. § 340.6(a))."   (Index Exh. 1 at

14  AAIC000249.)    The court further found that "judicially-noticed facts establish that Plaintiffs

15  [the Morgan Clients] sustained 'actual injury' at the time they incurred attorney's fees and costs

16  to defend themselves in the Morf Action, i.e., more than one year before [the Morgan Clients]

17  filed the [*Phillips*] action on June 6, 2016."  (Index Exh. 1 at AAIC000253.)   Whether an appeal

18  would be taken from the February 7, 2017 ruling in the *Phillips* Action was an open question

19  when Warner applied for the policy.  (Index Exh. 9, Warner Depo. at 89:16-90:10 ("Q: And at

20  the time you completed [the application], were you representing Mr. Morgan and Mr.

21  Cunningham in connection with the Phillips malpractice claim?  A: Yes.  Q: And the decision

22  about whether to appeal had not yet been made; is that correct?  A. Correct, uh-huh.").)

23      **B.**      **The Application for the Policy**

24      Two months after the February 7, 2017 order dismissing the *Phillips* Action for failure to

25  timely file within the statute of limitations, Warner submitted an Application for Lawyers

26  Professional Liability Insurance ("Application") dated April 3, 2017 to renew his professional

27  liability insurance policy for the period effective May 8, 2017 to May 8, 2018.  (Declaration of

28

-5-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

*Gordon Rees Scully Mansukhani, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

Derek Hall ("Hall Decl.") ¶¶ 5-6, Index Exh. 2 at 000001-12.)  Section VI Insurance and Claim History of the Insurance Application includes the following questions numbered 8 a. and 8 b. to which Warner selected a "No" response:

8.  After inquiry, are any attorneys in your firm aware:
    If you answer either question "Yes," please complete the "Supplemental Claim Form".

    a. of any professional liability, claims made claims made against them in the past five years? ......... ☐ Yes  ☑ No
    b. of any legal work or incidents that might be expected to lead to a claim or suit against them? ......... ☐ Yes  ☑ No
    * If Yes, indicate total number of claims. _____

(Index Exh. 2 at 000006.)

Section VII. Additional Information of the Insurance Application includes the following provision:

REPRESENTATIONS:

I/We affirm that the information contained here and in any supplemental application or addendum is true to the best of my/our knowledge and that it shall be the basis of the policy of insurance and deemed incorporated therein, should the Company evidence its acceptance of this application by issuance of a policy. I/We hereby authorize the release of claim information form any prior insurer to the Company or its representatives. I/We specifically asked all lawyers in our firm if they have knowledge of any claim, potential claim, disciplinary matter or circumstance that may Rise to a claim against us that is not listed in our response to Questions 7(V) & Question 8 A & B (VII). All lawyers have responded "No" Please Initial Here  ( _you_ ). On behalf of our firm, I agree that this application, including all attachments, exhibits, supplemental applications or addendums is complete and correct to the best of my knowledge and belief. I understand that this application forms the basis of the contract of insurance, if the Company offers coverage and we accept the Company's offer.  I also understand that completion of this application does not bind the Company Agent or Broker to provide insurance.

(Index Exh. 2 at 000006.)

WARNER submitted a letter dated April 12, 2017 ("Warranty Letter") to First Indemnity Insurance Agency, Inc. ("First Indemnity"), an agent of AAIC, which stated as follows:

> I am not aware of any potential claims, disciplinary matters, investigations or circumstances that may give rise to a claim.  I have specifically asked all attorneys and employees if they have any knowledge of any claim, potential claim, disciplinary matter, investigation or circumstance that may give rise to a claim that is not listed in our application dated April 3, 2017.  All lawyers and employees have answered no.

> This will also certify that to the best of my knowledge, the information given on the application is unchanged since it was completed on April 3, 2017.

> I declare the above statements to be true.  The signatory below is acting on behalf of all insureds.

> I understand and agree that this letter is part of my policy application and becomes a part of the policy.

(Hall Decl. ¶¶ 7-9; Index Exh. 2 at 000021.)

///

-6-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   AAIC relied on the statements made in Warner's April 3, 2017 Application and Warranty

2   Letter dated April 12, 2017, in issuing the Policy.  (Hall Decl. ¶¶ 7-10, 15-18.)   At no point

3   during his communications with the underwriter, Derek Hall, did Warner advise of the February

4   7, 2017 order dismissing the *Phillips* Action because the claims were barred by the statute of

5   limitations.  (Hall Decl. ¶¶ 15-19; see also Declaration of Alex Cayer ("Cayer Decl.") ¶¶ 9-11;

6   Declaration of Thomas Fitzgerald ("Fitzgerald Decl.") ¶¶ 9-10.)

7       C.      **The Policy**

8       Based on the Application and Warranty Letter, AAIC issued the Policy. (Hall Decl. ¶¶ 4-

9   12; Cayer Decl. ¶ 4; Fitzgerald Decl. ¶ 2; Index Exh. 3.)  The total premium for the Policy was

10  $5,673, which Warner paid on April 12, 2017.  (Hall Decl. ¶¶ 8, 11; Index Exh. 2 at 000015,

11  000022, 000054; Index Exh. 3 at AAIC000105.)

12      The Policy is written on form PL FI 00 01 D 02 14, which includes the following

13  pertinent provisions:

14              **LAWYERS PROFESSIONAL LIABILITY INSURANCE**

15                                  * * *

16  In consideration of the payment of the premium and **in reliance upon the
    statements in the application and the supplements attached hereto and made**

17  **a part hereof,** and subject to all terms of the policy, the insurance company
    shown in the Declarations (herein called the Company) agrees with the NAMED

18  INSURED as follows:
                                    * * *

19                          **SECTION VI. CONDITIONS**

20                                  * * *

21      J.      **ENTIRE AGREEMENT**

22      By acceptance of this policy, all INSUREDS reaffirm as of the effective
        date of this policy that:

23

24      1.      the statements in the application including all information
                communicated by the INSURED to the Company, attached hereto

25              and made a part hereof, are all INSUREDS' agreements and
                representations;

26

27      2.      **this policy is issued in reliance upon the truth and accuracy of
                such representations**; and

28

                                        -7-

1

2

3.     this policy includes all agreements between all INSUREDS and the Company relating to this insurance.

**K.**    **APPLICATION REPRESENTATIONS**

The application for this Policy attaches to and becomes a part of the Policy. The INSURED'S represent that the statements and representations contained in the application for this policy are true and shall be deemed material to the acceptance of the risk or the hazard assumed by the Company under this Policy. The signatory on the application is signing and acting on behalf of all INSUREDS. This Policy is issued in reliance upon the truth of such statements and representations. **The INSUREDS agree that such statements and representations are material and if found to be untrue, this Policy shall be void.**

\* \* \*

(Index Exh. 3 at AAIC000116, AAIC000132 (emphasis added).)

**D.**    <u>**Warner's Tender of the Underlying *Morgan v. Warner* Action and AAIC's Reservation of Rights**</u>

On January 16, 2018, Mr. O'Keefe wrote to Warner to make a claim on behalf of the Morgan Clients based on Warner's failure to timely file the *Phillips* Action ("Morgan Demand Letter"). (Declaration of Quyen Thi Le ("Le Decl.") ¶¶ 2-4; Index Exh. 4 at O&O 50-101.) Mr. O'Keefe stated:

I attach the complaint for malpractice we will be filing against your firm for failure to timely file suit against the Phillips firm, among other claims arising from your representation in the Underlying Morf Action. Before you filed the Underlying Phillips Malpractice Action, Dan and Mark asked me whether I might be interested in prosecuting those claims as I have extensive experience in handling legal malpractice matters on both the plaintiff and defense side. I advised them that the statute of limitations had run, but I was not interested I pursuing a claim against your firm for malpractice based on a hypothetical. I declined the representation, and informed them to allow your firm to prosecute the malpractice action against Phillips. If I were wrong, then you would benefit from a large fee to be earned by handling that matter to a successful conclusion. If I were right, then your negligence would be established by a court order dismissing the case on demurrer, which is how the Underlying Phillips Malpractice Action was resolved.

(Index Exh. 4 at O&O 0052.)

On January 17, 2018, Warner tendered the Morgan Demand Letter to AAIC for defense and indemnity under the Policy. (Cayer Decl. ¶ 5; Index Exh. 5 at AAIC000135.) On January

-8-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

29, 2018, AAIC agreed to retain defense counsel to defend Warner against the Morgan Demand

Letter, subject to a reservation of rights.  (Cayer Decl. ¶ 6; Index Exh. 6 at AAIC000222.)

On February 2, 2018, the Morgan Clients filed their complaint against Warner, entitled

*Daniel Morgan, et al. v. John G. Warner, et al*, in Marin County Superior Court, Case No.

CIV1800402 ("*Morgan* Action").   (RJN ¶ 3, Index Exh. 1 at AAIC000226-65 (*Morgan*

Complaint).)  In the *Morgan* Action, the Morgan Clients alleged that:

> Warner represented Plaintiffs in the Undelrying Morf Action and represented
> MCCE in the Underlying Novato Litigation when Plaintiffs suffered actual injury
> arising from the Phillips Defendants malpractice.   In connection with that
> representation dating back to 2013, Warner had a duty to inform Plaintiffs they
> had one year to file a malpractice action against the Phillips Defendants or else
> they would lose those claims.  Intead, Warner negligently advised Plaintiffs the
> statute of limitation did not run until a much later date in 2015 when Judgment
> was entered in the Underlying Morf Case.

(Index Exh. 1 at AAIC000229 (*Morgan* Complaint ¶ 13.)

Warner tendered the *Morgan* Complaint to AAIC on February 9, 2018.  (Cayer Decl. ¶ 7;

Index Exh. 1 at AAIC000224-25.)

On March 12, 2018, AAIC agreed to participate in Warner's defense of the *Morgan*

Action subject to a reservation of all rights available under the Policy.  (Cayer Decl. ¶ 8; Index

Exh. 7 at AAIC000287-292.)  AAIC reserved the right to deny coverage, in part, as follows:

> The effective date of your current AAIC policy was May 8, 2017.  As mentioned
> above, the court dismissed Plaintiffs' [the Morgan Clients'] underlying
> malpractice suit against Phillips with prejudice on February 7, 2017, because you
> did not file the lawsuit with the statute of limitations.  AAIC hereby reserves the
> right to deny coverage to the extent that you knew or could have reasonably
> foreseen that the failure to timely file Plaintiffs' suit, and the subsequent dismissal
> of Plaintiffs' cause of action for legal malpractice against Phillips, would form the
> basis of a claim against you.

(Index Exh. 7 at AAIC000291.)

During AAIC's investigation of the claims against Warner, AAIC determined Warner

knew a court had determined before he completed the Application for the Policy that the statute

of limitations had expired regarding the claims he prosecuted on behalf of the Morgan Clients in

the *Phillips* Action.  Specifically, Warner knew that on February 7, 2017, the court granted the

demurrer of the Phillips Firm to the Morgan Clients' complaint in the *Phillips* Action, holding

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   that the *Phillips* Action was dismissed with prejudice for failure to file within the statute of

2   limitations.   (Cayer Decl. ¶ 10; Fitzgerald Decl. ¶ 9; RJN ¶ 2, Index Exh. 1 at AAIC000249-

3   254.)

4         On May 2, 2019, AAIC issued a supplemental reservation of rights letter to Warner to

5   express a more thorough reservation of rights about statements made by Warner in his

6   Application for the Policy.  (Fitzgerald Decl. ¶¶ 15-16; Cayer Decl. ¶¶ 9-12; Index Exh. 8 at

7   AAIC002094-2098.)       AAIC explained its right to rescind the Policy for material

8   misrepresentations Warner made on the Application:

> Prior to signing the application, you knew that the statute of limitations had
> expired regarding the claims you prosecuted in *Morgan v. Phillips* unless tolling
> provisions applied.  You also knew that the court in *Morgan v. Phillips* had
> determined the tolling provisions did not apply, concluded the statute of
> limitations had expired, ordered *Morgan v. Phillips* dismissed, and entered
> judgment in that case.  These facts were not provided in the application.

> AAIC reserves all rights regarding those statements in the Application as
> provided by you on April 3, 2017.  This reservation of rights includes the right to
> deny coverage for the claims against you in *Morgan v. Warner,* to seek
> reimbursement from you of any amounts paid or to be paid by AAIC on your
> behalf with regarding to *Morgan v. Warner*, and to rescind policy number
> 3LA2PL0000687-02.

16   (Index Exh. 8 at AAIC002096.)

17   **E.**   **Warner's Misrepresentations and Breaches of Warranty Entitling AAIC to
          Rescind the Policy**

19         Despite knowing about the February 7, 2017 order dismissing the *Phillips* Action for

20   failure to timely file the action within the applicable statute of limitations, Warner violated his

21   duty of disclosure when he made a misrepresentation by checking the "no" box for the

22   Application question number 8.b. regarding whether the insured was "aware…of any legal work

23   or incidents that might be expected to lead to a claim or suit against them."

24         Despite knowing about the February 7, 2017 order, Warner continued to violate his duty

25   of disclosure when he made a misrepresentation to AAIC in his April 12, 2017 Warranty Letter

26   that he was "not aware of any potential claims, disciplinary matters, investigations or

27   circumstances that may give rise to a claim," and further "certify[ied] that to the best of [his]

28

-10-

1  knowledge, the information given on the application is unchanged since it was completed on

2  April 3, 2017."

3     Warner's testimony establishes that he cannot now feign ignorance that the February 7,

4  2017 order dismissing the *Phillips* Action was "legal work or incidents that might be expected to

5  lead to a claim":

6  Q:   And are there situations in which failure to file a case within the statute of
      limitations may give rise to a claim for malpractice?
7

8  A:   Correct.

9  Q:   Is it your understanding that the failure to timely file the Phillips
      malpractice action gives rise to a claim for malpractice?

10  A:   No.

11  Q:   And what is your understanding of why it does not?

12  A:   Because, as I said, I think somewhere, I thought there was a 50/50 chance
      of winning on appeal, and Dan Morgan and Cunningham decided not to
13     appeal.

14  Q:   And – and just to tease it out, if it had gone up on appeal and been
      reversed, then that would have meant you could proceed with the case and
15     whatever the damages would turn out to be would be whatever they turned
      out to be, correct?
16
   A:   Correct, correct.
17     …

18  Q:   And if you had gone up on appeal and the Court of Appeal had sustained
      the ruling of the trial court, then there would have been a ruling that the
19     case was not timely brought.  Under that circumstance based on your
      understanding, would that have provided a basis for bringing a malpractice
20     claim?

21  A:   Potentially, yes.

22  (Le Decl. ¶ 5; Index Exh. 9, Warner Depo. at 83:18-84:24.)

23     AAIC issued the Policy, renewing coverage for the May 8, 2017 to May 8, 2018 policy

24  period, based on the representations made by Warner in his April 3, 2017 Application and his

25  Warranty Letter dated April 12, 2017.  (Hall Decl. ¶¶ 4-19.)  Had AAIC known about the true

26  facts, including the circumstances giving rise to the dismissal of the *Phillips* Action, AAIC

27  would have issued the Policy for a higher premium.  (Hall Decl. ¶¶ 20-21.)

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-11-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

This conclusion is beyond dispute because of the increase in the premium quoted in 2018 from the 2017 quote. Derek Hall was the underwriter for Warner in 2017 and 2018. (Hall Decl. ¶¶ 4-12, 20.) The premium for the Policy, as quoted in April 2017, was $5,573.38. (Hall Decl. ¶¶ 7-8; Index Exh. 2 at 000015, 000054; Index Exh. 3 at AAIC000105; Index Exh. 10 at AAIC000058, AAIC000060-61.) Derek Hall prepared a quote in 2018 *after* receiving notice that Warner had been sued in the *Morgan* Action. (Hall Decl. ¶ 20; Index Exh. 11 at AAIC000095, AAIC000097-98.) The premium quoted for 2018 was $6,175.49. (Hall Decl. ¶¶ 20-21; Index Exh. 11 at AAIC000095, AAIC000097-98.) Derek Hall changed several factors on the underwriting worksheet in 2018 from 2017 because of receipt of notice that Warner had been sued. (Hall Decl. ¶ 20; Fitzgerald ¶¶ 17-18; Index Exh. 11 at AAIC000095, AAIC000097-98.) These changes resulted in the increase in premium. (Hall Decl. ¶ 20; Fitzgerald ¶¶ 17-18; Index Exh. 11 at AAIC000095, AAIC000097-98.)

Derek Hall would have made the same changes to the factors on the underwriting worksheet and generated the same increase in premium in 2017 as in the 2018 quote if Warner had answered "yes" to question 8.b. and explained the ruling that he had blown the statute of limitations in filing the *Phillips* action. (Hall Decl. ¶ 21; Fitzgerald Decl. ¶¶17-18.) That is, if Warner had explained this adverse ruling, the 2017 premium would have been $6,175.49 instead of $5,573.38 which was quoted and bound. (Hall Decl. ¶ 21; Fitzgerald Decl. ¶ 17.)

## F.   AAIC's Declaratory Relief Action

On August 9, 2019, AAIC filed this action against Warner seeking to rescind the Policy based on Warner's material misrepresentations and breaches of warranty made in connection with his renewal application for the Policy, or in the alternative, a judicial declaration that there is no coverage for the underlying claims at issue in the *Morgan* Action. The operative First Amended Complaint was filed on January 31, 2020 (Dkt. 56), which included a Fifth Cause of Action for Declaration Relief (Unreasonable Refusal to Consent to Settlement) that has now been dismissed pursuant to the parties' stipulation (Dkt. 70).

AAIC brings this Motion for Summary Judgment on its First and Second Causes of

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-12-

1    Action for Rescission.  AAIC

2        seeks to rescind the entire Policy. A contract rescission is retroactive, such that it
         effectively renders the policy totally unenforceable from the outset so that there
3        was never any coverage and no benefits are payable. Thus, once the Policy is
         rescinded, [AAIC] would have no duty to defend any claim, regardless of whether
4        it might have been covered under the Policy.

5    (Dkt. 39, Order Denying Warner's Motion to Dismiss, p. 7:18-24 (citations omitted).) Rescission

6    of the Policy renders moot AAIC's Third and Fourth Causes of Action for Declaratory Relief

7    related to its duty under the Policy to defend and indemnify Warner in the *Morgan* Action.

8        AAIC seeks to recover all amounts paid pursuant to the Policy less the premium paid by

9    Warner.  The current net amount is $68,164.25, the net amount of defense payments funded (to

10   date) by AAIC pursuant to the AAIC Policy for the *Morgan* Action.  (Cayer Decl. ¶¶ 13-15; Le

11   Decl. ¶¶ 8-12; Index Exh. 12; Index Exh. 2 at 000022.)

12   **V.    LEGAL ARGUMENT**

13       **A.    Standard for Summary Judgment**

14       The purpose of summary judgment "is to isolate and dispose of factually unsupported

15   claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986).  Under the Federal

16   Rules of Civil Procedure ("FRCP"), summary judgment is proper where the pleadings and

17   evidence before the court "show that there is no genuine issue as to any material fact and that the

18   moving party is entitled to a judgment as a matter of law."  FRCP Rule 56(c).  Under such

19   circumstances, summary disposition is favored "to secure the just, speedy and inexpensive

20   determination of every action." *Celotex, supra*, 477 U.S. at 327.  "When…the moving party is a

21   plaintiff, he or she must adduce admissible evidence on all matters as to which he or she bears

22   the burden of proof." *Zands v. Nelson*, 797 F.Supp. 805, 808 (S.D. Cal. 1992).  Once the moving

23   party has met its initial burden, the opposing party has the affirmative burden of coming forth

24   with specific evidence showing a genuine issue of material fact.  FRCP 56(e).

25       Rule 56(e) requires that "an adverse party [to the motion] may not rest upon the mere

26   allegations or denial of the adverse party's pleading, but the adverse party's response, by

27   affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-13-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  a genuine issue for trial."  If it does not, then the court should grant summary judgment.  FRCP

2  56(e) .  Further, the opposing party may not simply attempt to undermine the credibility of the

3  movant's affidavits and evidence, but must present affirmative evidence where it bears the

4  burden of proof in order to avoid summary judgment.   *Mitsushita Elec. Indus. Co. v. Zenith*

5  *Radio*, 475 U.S. 574, 587, fn. 11 (1986).  If the non-movant fails to "make a showing sufficient

6  to establish the existence of an element essential to that party's case, and on which the party will

7  bear the burden of proof at trial, judgment against him is appropriate."  *Celotex, supra*, 477 U.S.

8  at 322 (1986).

9      **B.     Standard for Rescission**

10     Material  misrepresentations  or  concealment  in  an  insurance  application,  whether

11  intentional or unintentional, entitle the insurer to rescind the insurance policy *ab initio*.  *Wilson v.*

12  *Western National Life Ins. Co.*, 235 Cal.App.3d 981, 994 (1991); *U.S. Specialty Ins. Co. v.*

13  *Bridge Capital Corp.*, 482 F.Supp.2d 1164, 1167-1168 (C.D. Cal. 2007).  This rule is codified in

14  the California Insurance Code, which places a heavy burden of disclosure upon both parties to a

15  contract of insurance and permits rescission for a failure to provide requested information.

16  *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal.App.3d 169, 179-180 (1981).  California

17  Insurance Code section 331 provides: "Concealment, whether intentional or unintentional,

18  entitles the injured party to rescind insurance."  "Concealment" is defined in California Insurance

19  Code  section  330  as:  "[n]eglect  to  communicate  which  a  party  knows  and  ought  to

20  communicate."

21     An insurer has the right to rely on an insured's answers in an application without

22  verifying their accuracy.  *Robinson v.  Occidental Life Ins. Co.*, 131 Cal.App.2d 581, 585 (1955)

23  ("It was not incumbent upon [insurer] to investigate [insured's] statements made to the examiner.

24  It was his duty to divulge fully all he knew. No authority is cited and none will be found holding

25  that an insured or his beneficiaries may escape the consequences of his deception by placing

26  upon the insurer the burden of investigating his verified statements.").

27     California law imposes an affirmative duty on a party to an insurance contract to disclose

28                                              -14-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1    "all facts within his knowledge which are or which he believes to be material to the

2    contract...and which the other has not the means of ascertaining."  Cal. Ins. Code § 332.  "[A]n

3    insurer may rescind the contract of insurance ab initio for a material misrepresentation – even

4    though the insured's misstatements were the result of negligence, or, indeed, the product of

5    innocence." *Barrera v. State Farm Mut. Auto Ins. Co.,* 71 Cal.2d 659, 665, fn. 4 (1969).  This

6    rule applies equally when the party's misrepresentation is one of omission. *Philadelphia Indem.*

7    *Ins. Co. v. Montes-Harris*, 40 Cal.4th 151, 157 (2006); Cal. Ins. Code § 331 ("Concealment,

8    whether intentional or unintentional, entitles the injured party to rescind insurance"); accord Cal.

9    Civ. Code § 1689(b)(7).

10        Materiality of the insured's statements is determined under a "subjective test; the critical

11    question is the effect the truthful answers would have on [the insurer], not some 'average

12    reasonable' insurer." *Sogomonian, supra*, 198 Cal.App.3d at 181.  "Materiality is to be

13    determined not by the event, but solely by the probable and reasonable influence of the facts

14    upon the party to whom the communication is due, in forming his estimate of the disadvantages

15    of the proposed contract, or in making his inquiries." Cal. Ins. Code § 334.  Misrepresentations

16    are material if they would have caused the underwriter to reject the application, charge a higher

17    premium for the policy, or amend the policy terms.  *Sogomonian, supra*, 198 Cal.App.3d at 181;

18    *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal.App.4th 1259, 1268-1269

19    (2007).

20        In addition, "The fact that the insurer has demanded answers to specific questions in an

21    application for insurance is in itself usually sufficient to establish materiality as a matter of law."

22    *Thompson v. Occidental Life Ins. Co.*, 9 Cal.3d 904, 915-916 (1973); *LA Sound, supra,* 156

23    Cal.App.4[th] at 1268.

24        "Summary judgment may be granted for the insurer where the only reasonable inference

25    to be drawn from the evidence is that the misrepresentations and omissions of the insured were

26    material to the decision to issue the policies." *U.S. Specialty Ins. Co. v. Bridge Capital Corp.,*

27    *supra*, 482 F.Supp.2d at 1168, citing *West Coast Life Ins. Co. v. Ward*, 132 Cal.App.4th 181,

28

-15-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

187-88 (2005). Courts in the Ninth Circuit have consistently recognized that, under California law, an insurer is entitled to rescind an insurance policy on the ground of the insured's misrepresentation. *See, e.g., Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 654 (9th Cir. 1984) (court granted summary judgment to defendant insurer and rescission was allowed because the insured's misrepresentations of her medical condition were material to the insurer's determination to issue a life insurance policy); *Carolina Cas. Ins. Co. v. RDD, Inc.*, 685 F. Supp.2d 1052 (N.D. Cal. 2010) (finding that insureds' materially false answers on an application for insurance entitled insurer to rescind the policy under California law).

Where grounds for rescission exist and the insurer properly exercises its right to rescind, the insured's contract rights are extinguished *ab initio* (as if the policy had never existed). Cal. Ins. Code § 359; *Sognomonian, supra,* 198 Cal.App.3d at 182. An insurer may avoid any liability for benefits provided under the policy, even on pending claims. *Atmel Corp. v. St. Paul Fire & Marine*, 416 F.Supp.2d 802, 807 (N.D. Cal. 2006).

### C.   AAIC is Entitled to Rescind the Policy

Warner failed to accurately respond to question 8.b. of the Application regarding the February 7, 2017 ruling that dismissed the *Phillips* Action for the Morgan Clients' failure to timely file their claims against the Phillips Firm, and further failed to disclose material information to AAIC in his April 12, 2017 letter.

Here, the question 8.b. in the Application required Warner to disclose whether he was aware of "any legal work or incidents that might be expected to lead to a claim or suit against them." (Fitzgerald Decl. ¶¶ 10-14; Hall Decl. ¶¶ 15-16.) Before addressing the case law which imposes an objective standard on the phrase beginning, "that might be expected," AAIC notes Warner's own testimony:

Q:   And if you had gone up on appeal and the Court of Appeal had sustained the ruling of the trial court, then there would have been a ruling that the case was not timely brought. Under that circumstance based on your understanding, would that have provided a basis for bringing a malpractice claim?

A:   Potentially, yes.

-16-

1    (Le Decl. ¶ 5; Index Exh. 9, Warner Depo. at 84:17-24; Warner Depo. at 205:17-23 ("Q. As of

2    the time when [the] court ruled that the complaint was dismissed with prejudice, was it your

3    understanding that Morgan and Cunningham would – had – [ ] lost their claims against the

4    Phillips firm unless the case – the ruling was reversed on appeal?  A. That's correct.").)

5          This testimony establishes that Warner himself knew he may be subject to a malpractice

6    claim when he submitted his application and the decision whether to take an appeal had not yet

7    been made by his clients.  (Index Exh. 9, Warner Depo. at 89:12-90:10.)  Additionally, in his

8    answer, Warner admitted as true that:

9          Prior to signing the April 3, 2017 Insurance Application, WARNER knew
      that the court had ruled the statute of limitations had expired regarding the claims
10     he prosecuted in the *Phillips* Action on behalf of the Morgan Clients.  WARNER
      also knew that the court in the *Phillips* Action had determined the tolling
11     provisions did not apply, concluded the statute of limitations had expired, ordered
      the *Philips* Action dismissed, and entered judgment in that case.  These facts were
12     not provided in the Insurance Application.

13   (Dkt. 57 at p. 2:1-3; Dkt. 56 ¶ 35.)

14         The phrase "might be expected to lead" in question 8.b. of the Application states an

15   objective standard that does not require the insured to actually form such an expectation that a

16   claim may occur.  This Court has concluded that the word "might" in question 8.b. is clear and

17   unambiguous:

18         [S]everal California courts have found language similar to question 8.b. to be
      "perfectly clear."  For example, in *Phoenix Ins. Co. v. Sukut Const. Co.*, the
19     insurer sought a declaration that it had no duty to defend or indemnify the
      defendant in the legal malpractice case on the ground that the defendant "knew or
20     reasonably could have forseen the Sukut action."  136 Cal.App.3d 673, 676
      (1982).  In finding that the insurer was entitled to deny coverage, the California
21     Court of Appeal found the phrase "might be expected to be the basis of a claim or
      suit" to be "perfectly clear," such that no question of law existed.  *Id*. at 677.
22

23   (Dkt. 39, Order Denying Warner's Motion to Dismiss, p. 6:16-23.)  Further, this Court concluded

24   "[t]he insurance language in *Phoenix* did **not** include 'reasonably,' yet the Court still effectively

25   applied an objective standard."  (Dkt. 39, Order Denying Warner's Motion to Dismiss, p. 6, fn. 3

26   (emphasis in original).)

27         Question 8.b. of the Application seeks knowledge "of any legal work or incidents that

28
                                            -17-
      PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
      AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   might be expected to lead to a claim or suit."  Warner's work in the *Phillips* Action satisfies "any

2   legal work or incidents" part of question 8.b which only requires Warner to be aware of the

3   work.  Warner answered "No" to question 8.b., and his April 12, 2017 Warranty Letter stated

4   that he "was not aware of any potential claims, disciplinary matters, investigations or

5   circumstances that may give rise to a claim" and that "the information given on the application is

6   unchanged since it was completed on April 3, 2017."

7   Warner never disclosed to AAIC about the February 7, 2017 adverse ruling that

8   dismissed his clients' complaint for blowing the statute of limitations, which is "legal work or

9   incidents" that Warner was aware of prior to completing the Application.  Warner may argue that

10  he appropriately answered "No" because the Morgan Clients never made a demand against him

11  for malpractice prior to the January 16, 2018 Demand Letter.  This argument fails in the face of

12  the representations and case law.

13  The case of *Carolina Cas. Ins. Co. v. RDD, Inc., supra*, involves similar facts to those at

14  issue here.  The plaintiff insurer in *Carolina Cas.* sought summary judgment based on rescission

15  because the defendant insureds submitted false answers to two questions in the insurance

16  application.  The court in *Carolina Cas.* agreed with the insurer:

17      Question twenty-one required Defendants [insureds] to disclose whether in the
        past five years any current or former employee had "made any Claim, or
18      otherwise alleged…harassment."  Question twenty-two similarly asks whether
        Defendants were aware of any fact, circumstance or situation involving
19      Defendants that might reasonably be expected to result in a Claim, such as
        "complaints or accusations by other Employees or third parties that a current or
20      former Employee is engaging in, or has engaged in, acts of discrimination,
        harassment, or other Wrongful Acts."  Defendants answered "no" to these
21      questions, even though [employee's] resignation letter, received the day before
        Defendants submitted the insurance application, expressly referred to being
22      "subject to sexual harassment by senior managers, peers and even owner's [sic] of
        the restaurant on nearly a weekly basis in the last year or so of my employment."
23      [Citation] The "sexual harassment and retaliation harmed [employee's] mental
        and physical health" such that she could no longer work for Defendants.

24
        Defendants argue that their "no" answers to questions twenty-one and twenty-two
25      were accurate at the time, because it wasn't until March 28, 2008, when they
        received a Department of Fair Employment and Housing right to sue letter, that
26      they become aware that a "former employee" had filed a "claim" against them.
        Defendants' narrow interpretation of the word "claim" in questions twenty-one
27      and twenty-two is amiss….The clear language of the questions obliged
        Defendants to disclose [employee's] allegations of sexual harassment, retaliation
28

                                         -18-
───────────────────────────────────────────────────────────
PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

and infliction of emotional distress. Defendants failed to do so and falsely denied that any such allegations had been made.

*Carolina Cas. Ins., supra,* 685 F.Supp.2d at 1056-1057 (internal citations to evidence omitted). The court concluded that the "Defendants' answers to questions twenty-one and twenty-two were material false representations that entitle Plaintiff [insurer] to rescission of the insurance policy." *Id.* at 1057.

The court in *Phoenix, supra,* construing the phrase "might be to be the basis of a claim or suit," determined it applied even in absence of any evidence about the insured's own expectation. *Phoenix, supra,* 136 Cal.App.3d at 676-77.   The court held that this phrase applied to defeat coverage in light of the facts which the insured knew.  *Id.* at 677.

Similar to the questions in *Carolina Cas.* and the policy provision in *Phoenix, supra,* question 8.b. requires Warner to disclose whether he was "aware…of any legal work or incidents that might be expected to lead to a claim or suit" against him.  It is not limited to the Morgan Clients expressly having made a claim against or remarks disparaging Warner's work.  It is also not limited to whether Warner himself expected a claim to might be made, although his testimony establishes that he did expect a claim might be made.

Warner had knowledge of a ruling that a complaint he filed on behalf of his clients had not been timely filed – a blown statute case is a circumstance that a reasonable attorney might expect to lead to a claim.  Certainly, even Mr. O'Keefe knew, a year prior to Warner filing the *Phillips* Action, that the statute of limitations had already run on the Morgan Clients' claims against the Phillips Firm.  (Index Exh. 4 at O&O 0052 ("I advised them [Morgan Clients] that the statute of limitations had run . . . declined the representation, and informed them to allow your firm to prosecute the malpractice action against Phillips. . . . If I were right, then your negligence would be established by a court order dismissing the case on demurrer, which is how the Underlying Phillips Malpractice Action was resolved.").)

The California Rules of Professional Conduct and related State Bar Opinion are instructive of an attorney's ethical obligation to disclose the conflict of interest that arises from

-19-

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

missing a statute of limitations.

California Rules of Professional Conduct, Rule 3-500 Communication, in effect at the time Warner represented the Morgan Clients in the *Phillips* Action, provides that "A member shall keep a client reasonably informed about significant developments relating to the employment or representation, including promptly complying with reasonable requests for information and copies of significant documents when necessary to keep the client so informed."[1]   (RJN ¶ 4; Le Decl. ¶ 6; Index Exh. 13.)   The State Bar of California Standing Committee on Professional Responsibility and Conduct Formal Opinion Interim No. 12-0005,[2] interprets, in part, Rule 3-500.   The State Bar stated in this opinion that as a general rule, "a conflict arises between Client and Lawyer/Law Firm when their interests become adverse, including when the lawyer's representation is adversely affected or materially limited by his or her own interests."   (RJN ¶ 5; Le Decl. ¶ 7; Index Exh. 14 at p. 6.)

The State Bar further stated in its opinion that once a lawyer is aware that the lawyer has erred, the lawyer owes ethical obligations to disclose the relevant facts to his client.   The State Bar used the example of failing to timely file a cross-complaint, concluding that the attorney has to disclose the fact that the deadline to file a cross-complaint had passed, that the lawyer failed to file the cross-complaint, that the error cannot be remediated, and that the client no longer has the opportunity to seek its own breach of contract claims against the opposing party.   (Index Exh. 14 at p. 7 (citing to *Beal Bank, SSP v. Arter & Hadden, LLP*, 42 Cal.4th 503, 514 (2007).)   The State Bar further concluded that the lawyer has an ethical obligation to advise the client to seek other counsel to advise on these issues since there would be a conflict of interest for lawyer to provide advice on such error.   (Index Exh. 14 at p. 7.)

Knowing about the February 7, 2017 order dismissing the *Phillips* Action for failure to

---

[1] The new Rules of Professional Conduct, Rule 1.4 amends former Rule 3-500, effective November 1, 2018.
[2] Formal Opinion Interim No. 12-005 was issued for public comment prior to the new Rules of Professional Conduct that became effective November 1, 2018.   To reflect the new Rule 1.4, which amends former Rule 3-500, the State Bar issued Formal Opinion No. 2019-197 (available at http://www.calbar.ca.gov/Portals/0/documents/ethics/Opinions/CAL-2019-197-%5B12-0005%5D-Seeking-Advice-About-%20Current-Clients.pdf), which reflects the amendment to the rules discussed in Formal Opinion Interim No. 12-005.   Formal Opinion No. 2019-197 uses the same example of a blown statute of limitations.

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   timely file the action within the applicable statute of limitations, Warner had an ethical

2   obligation to disclose to the Morgan Clients the conflict of interest created by the adverse ruling

3   that Warner failed timely to prosecute the Morgan Clients' claims against the Phillips Firm and

4   to advise them to seek other counsel.  Warner not only failed his ethical obligation to advise the

5   Morgan Clients of the conflict of interest arising from February 7, 2017 adverse ruling, he also

6   failed to disclose these facts in his Application for the Policy.  (Index Exh. 9, Warner Depo. at

7   73:17-22 ("Q. Have you ever disclosed to Mr. Morgan or Mr. Cunningham that the analysis of

8   the statute – that your analysis of the statute of limitations may have given rise to a conflict of

9   interest between you and them?  A. No.").)  Warner testified that he did not know he had any

10  ethical obligation to notify his clients about any potential conflict of interest that arose from the

11  February 7, 2017 order dismissing the *Phillips* Action.  (Index Exh. 9, Warner Depo. at 201:17-

12  205:23.)  He testified that at the time of the February 7, 2017 order, and "up until the time [he]

13  got sued by Morgan and Cunningham, [he] did not believe [he] committed negligence that

14  created the need for them to seek legal counsel for advice." (Index Exh. 9, Warner Depo. at

15  204:24-205:2.)

16          It is undisputed that Warner knew about the February 7, 2017 adverse ruling prior to

17  submitting his Application to renew the Policy.  Consider that Warner failed to fulfil his ethical

18  obligations to his clients, was unaware of his ethical obligations, apparently did not himself think

19  a situation requiring him to advise his clients of a conflict and to get separate counsel "might be

20  expected to lead to a claim," and knew that "Potentially, yes," a malpractice claim may have

21  resulted if the February 7, 2017 ruling was not reversed on appeal.  His personal belief that he

22  did not have to report the February 7, 2017 ruling does not change the fact that a reasonable

23  attorney with knowledge of California's rules of professional conduct would have that

24  expectation.  By any objective measure, Warner had to reveal the blown statute ruling in his

25  Application.

26          The significance of AAIC's reliance on Warner's representations is repeatedly

27  emphasized in the Policy under Conditions J. (Entire Agreement) and K. (Application

28

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Representations), quoted *supra*.  These conditions explicitly incorporate the application and affirm that the Policy was issued in reliance on the truth of the application's representations.  The Policy takes an additional step by providing: "The INSUREDS agree that [the application's] statements and representations are material and if found to be untrue, **this Policy shall be void**." (Index Exh. 3 at AAIC000132 (emphasis added).)

Had Warner disclosed the February 7, 2017 order dismissing the *Phillips* Action for failure to timely file in his April 3, 2017 Application and April 12, 2017 letter, AAIC would have charged a higher premium for the renewal of the Policy.  (Hall Decl. ¶¶ 7, 20-21; Fitzgerald Decl. ¶¶ 17-18; Index Exh. 10 at AAIC000058, AAIC000060-61; Index Exh. 11 at AAIC000095, AAIC000097-98.)

That is, Warner's failure to disclose was material.  "The most generally accepted test of materiality is whether or not the matter misstated could reasonably be considered material in affecting the insurer's decision … *in fixing the premium rate thereon*."  *Old Line Life Ins. Co. v. Superior Court*, 229 Cal.App.3d 1600, 1604 (1991) (emphasis in original).  "[A]n insurer may rescind the contract of insurance ab initio for a material misrepresentation." *Barrera v. State Farm Mut. Auto Ins. Co.,* 71 Cal.2d 659, 665, fn. 4 (1969).  Because Warner's material misrepresentation caused AAIC to issue the Policy for a lower premium than it would have charged if Warner had disclosed the ruling on his failure to file the *Phillips* Action within the statute of limitations, AAIC requests that this Court enter judgment in favor of AAIC on all causes of action.

       **D.**     **AAIC is Entitled to Reimbursement of the Amounts Paid to Defend Warner in the *Morgan* Action**

Once rescinded, an insurance policy is void *ab initio*, and it is "as though it had never existed" and "thus cannot be breached."  *LA Sound USA, Inc., supra*, 156 Cal.App.4th at 1296; *see also Atmel Corp., supra*, 426 F.Supp.2d at 1043  (holding that "case law, [California] Civil Code § 1691 and the Insurance Code suggest that there is no duty to defend if an insurer has unilaterally rescinded a policy unless and until the rescission has been set aside.").  Accordingly,

**Gordon Rees Scully Mansukhani, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-22-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1    once a policy has been validly rescinded, all rights of the insured thereunder are extinguished:

2        We therefore hold that upon rescission of a policy of insurance, based upon a
3        material concealment or misrepresentation, all rights of the insured thereunder
         (except the right to recover any consideration paid in the purchase of the policy)
4        are extinguished….

5    *Sogomonian, supra*, 198 Cal.App.3d at 184.

6        AAIC continues to defend Warner in the *Morgan* Action.  As a matter of law, rescission

7    of the AAIC Policy will require the parties to be restored to their original positions before that

8    policy had been issued.    *Sogomonian, supra,* 198 Cal.App.3d at 184 (each party to return

9    whatever consideration received).

10       As of the filing of this Motion, AAIC has paid $66,267.66 in fees and costs to the Wilson

11   Elser Firm pursuant to the AAIC Policy to defend Warner in the *Morgan* Action from inception

12   through April 16, 2020.  AAIC requests reimbursement of the $66,267.66 it has paid to defend

13   Warner in the *Morgan* Action, plus $9,496.86 pre-judgment interest pursuant to California Civil

14   Code section 3289(b) through the September 3, 2020 noticed date of hearing on this Motion, for

15   a current total of $75,764.52.  (Cayer Decl. ¶¶ 13-15; Le Decl. ¶¶ 8-10; Index Exh. 12.)  Such

16   amounts would be subject to an offset of $7,600.27 for the restoration of the premium paid by

17   Warner for the AAIC Policy (which is comprised of $5,673 premium paid plus $1,927.27

18   interest from April 12, 2017 date of premium payment).  (Hall Decl. ¶ 11; Le Decl. ¶¶ 11-12;

19   Index Exh. 2 at 000022.)

20       Because the *Morgan* Action is still pending and AAIC continues to provide a defense to

21   Warner of the *Morgan* Action, AAIC further requests that it be entitled to recover any additional

22   payments made under the Policy from April 16, 2020 through the date final judgment is entered

23   in this case, subject to a post-judgment prove-up briefing before the Court.  The amount of

24   supplemental damages is within the sound discretion of the court.  *Amado v. Microsoft Corp.*,

25   517 F.3d 1353, 1362, n. 2 (Fed. Cir. 2008) (analyzing supplemental damages for post-verdict

26   royalty).  Because AAIC's damages at the time of judgment will not include the payments made

27   from April 16, 2020 through the date of judgment, AAIC respectfully requests the Court to

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-23-

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

1    permit supplemental briefing or an accounting for additional payments made under the Policy

2    from April 16, 2020 through the date of final judgment.

3    **VI.    CONCLUSION**

4           AAIC requests that this motion for summary judgment be granted in its entirety and that

5    the AAIC Policy be rescinded and void *ab initio* so as to not provide any coverage for any person

6    or entity.  As Condition K states, "this Policy shall be void" if Warner made an untrue statement.

7    His representations in the application process were untrue for failing to explain the February 7,

8    2017 ruling dismissing the *Phillips* Action for failure to file within the statute of limitations.

9    AAIC also seeks entry of final judgment because an order of rescission resolves all causes of

10   action in its favor.

11          In addition, AAIC seeks an order to recover the amounts it has paid under the Policy, less

12   the premium paid by Warner for the Policy.  This order will involve two steps.  The first is

13   awarding  the net amount due to AAIC as of September 3, 2020 which will be $68,164.25 for

14   payments made under the Policy through April 16, 2020.  The second will be to maintain

15   continuing jurisdiction of this matter after entry of final judgment to determine any further

16   amounts AAIC is due based on payments under the Policy as well as costs.

17

18   Dated:  July 30, 2020                          GORDON REES SCULLY MANSUKHANI, LLP

19

20                                                  By:    */s/ Quyen Thi Le*
                                                          David C. Capell
21                                                        Quyen Thi Le
                                                   Attorneys for Plaintiff AMERICAN
22                                                 ALTERNATIVE INSURANCE CORPORATION

23

24

25

26

27

28

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PLAINTIFF AMERICAN ALTERNATIVE INSURANCE CORPORATION'S NOTICE OF MOTION
AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES